# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANE DOE, an Individual;

Case No.: 8:22-cv-2542-CEH-JSS

Plaintiff,

v.

**BREIT MF PRESERVE AT LAKELAND, LLC**

**BH MANAGEMENT SERVICES, LLC**

Defendants.
_____/

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, JANE DOE, ("Plaintiff"), in the above-styled civil action and brings this Complaint against the above-named Defendants, BREIT MF PRESERVE AT LAKELAND, LLC and BH MANAGEMENT SERVICES, LLC, corporate entities duly incorporated under the laws in the state of Florida ("Defendants") and in support hereof, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, JANE DOE, ("Plaintiff"), at all times material hereto, is a natural person residing at 311 US Highway 27 S, Sebring Highlands County, State of Florida and is subject to the jurisdiction of this Court.



2. Defendants and Assailant herein BREIT MF PRESERVE AT LAKELAND, LLC and BH MANAGEMENT SERVICES, LLC. ("Defendants"), is, and at all times material hereto, with a principal business address in Chicago, Cook County in the State of Illinois, and Des Moines, Polk County in the State of Iowa respectively.

3. The Middle District has jurisdiction over this lawsuit which involves a civil action to redress the deprivation of the rights, and privileges of Plaintiff pursuant to provisions enumerated under 28 U.S.C. § 1331. Further, the action for redress is sought arising from facts and circumstances that illustrate, exhibit or shows violations of both local state and federal penal code and its provisions.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1332 for reasons that the events herein alleged give rise to the claims between citizens of another State.

5. Furthermore, the amount in controversy is great than seventy-five thousand dollars ($75,000), not including interests and legal fees.

## STATEMENT OF FACTS
*(Allegations Common to All Causes of Action)*

6. Defendant BREIT MF PRESERVE at LAKELAND, LLC is the investment stakeholder/ownership and BH MANAGEMENT SERVICES, LLC is the property management company of the apartment complex named The Preserve at Lakeland Hills ("Preserve"), which is located at 4920 FL-33

Lakeland, FL 33805. Plaintiff resided at The Preserve at Lakeland Hills from on or about January 24, 2020, to on or about January 24, 2022, when she leased an apartment there at 705 Central Parke Cir Apt 206 Lakeland, Florida 33805 until the expiration of the lease.

7. One of the main reasons Plaintiff moved to Preserve at Lakeland Hills was the Defendants advertised security surveillance and electronic gate system, and sold the community as a "gated community". The Preserve portrayed to Plaintiff and posted signs to back up the advertisement and claims as being a secure, gated community, with 24-hour functioning surveillance cameras, and security patrol. Nevertheless, while residing at The Preserve, Plaintiff was assaulted, raped, and sodomized within the purported safety of her gated community.

8. Consequently, after law enforcement went to request the surveillance footage as Plaintiff had instructed them to do after the violent sexual assault there was no footage or patrol of a security guard on the night of July 27, 2021. It was then Plaintiff learned, the Defendants did not have functioning cameras, or any surveillance cameras at all, and no security patrol contrary to what Plaintiff was told when shopping for a rental unit.

9. Moreover, also while residing at The Preserve, Plaintiff's apartment was repeatedly burglarized by the Defendants employees and vendors of the Defendants.

10. Plaintiff installed an alarm and provided the Defendants with a secondary maintenance code to use in the event of a building emergency, as Plaintiff requested work orders or service only to be performed when Plaintiff is physically present. Plaintiff alarm was consistently triggered due to illegal entry by staff and non-staff of the Preserve authorized by the Preserve's management.

11. The alarm alerts led to the dispatch of Lakeland Police Department, prompting Lakeland Police Department to advised Plaintiff any additional alarm triggers would be billed to her based on the number of times they had to go out to check the apartment. Plaintiff conveyed this information to the management team of the Preserve and implored them to use the code. Plaintiff again advised Vernetta Rice Assistant Property Manager that there should be no access when Plaintiff is not present the exception only if there is an emergency, and with reasonable notice for inspection of the unit, Plaintiff would make herself available.

12. On or about November 19, 2021 again Plaintiffs apartment was accessed and bulgarized. The Plaintiff's computer was hacked, hard copies of her files relating to the sexual assault was stolen, a hard copy of files relating to the wrongful eviction was stolen, the original copy of the eviction letter and envelope with the post marked date addressed to Plaintiff was stolen. Plaintiffs legally purchased new handgun purposefully damaged. This illegal entry triggered the alarm and Plaintiff called The Preserve Management office whom had relocated

their office temporarily within close proximity to Plaintiff apartment. Plaintiff asked for an exterior wellness check of the apartment and was told her alarm was not going off. This illegal entry occurred as soon as Plaintiff parked her car at a restaurant for an early dinner and it was on or about one (1) week after Plaintiff advised the Defendants, she would not be renewing her lease. The Defendants called Plaintiff and stated that the alarm in fact was going off because they allowed a vendor to go in to Plaintiffs apartment unit, again not honoring Plaintiffs request.

13. Moreover, Preserve willfully breached the lease agreement with Plaintiff in multiple respects including (i) failing to cure defects which directly impacted Plaintiff's ability to reside at the apartment such as pest control, trash removal, black mold, and proper plumbing; (ii) attempting as retaliation to evict Plaintiff twice after the eviction's moratorium came into effect; both State and Centers for Disease Control and (iii) multiple improper and illegal entries into Plaintiff's apartment without prior notice and by unauthorized personnel of damages for the following grounds;

## CAUSES OF ACTION

### COUNT ONE
*(Breach of Contract Pursuant to § 83.59 of the Florida Statute)*

14. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

15. That Defendants, on numerous occasions, based upon the multiple and repeated breaches of the residential lease agreement and Defendant's failure to cure despite multiple requests by Plaintiff the resident. Plaintiff was subjected to roaches in her bed while sleeping causing rashes, roaches in the bath tub, roaches in the kitchen, black mold in the dining room area and bathrooms, broken blinds, black engine oil around the front door and outside patio of Plaintiffs unit, non-operational ceiling fans, trash in the hallways, and overfilled trash dumpsters in the front and back of the community on a regular basis. Plaintiff was told to buy bleach and use it on the mold by maintenance.

## COUNT TWO
*(Unlawful Eviction Pursuant to 83.67 of the Florida Statute)*

16. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

17. That Defendant's filing of an erroneous retaliatory eviction, falsified information to obtain court approval for an eviction order and further the Defendants did not follow the Governor's moratorium and the Centers for Disease Control non-eviction moratorium due to the Covid-19 Pandemic even if the eviction was legitimate. On February 28, 2020 Defendants e-filed an eviction summons without proper notice to Plaintiff despite Plaintiff going into the office a total of seven (7) different times in the month of February including on the morning of February 28, 2020 and speaking to assistant property manager Vernetta Rice and Sean in the presence of other employees to make a

payment on the correct balance. Defendants never once advised Plaintiff of the eviction filing. Defendant stated only the Property manager Jazmin Cepeda allowed to provide me the amount to pay and that said manager was busy. Plaintiff advised Defendants due to upcoming travel, a blank check would be left with a personal friend and to call Plaintiff with the amount to pay for February 2020 rent which was Plaintiff's first month at The Preserve, the same month for which the Defendants filed the eviction for. Subsequently on more than one occasion locked Plaintiffs out of the online paying portal. Plaintiff reported it to Assistant Manager when Plaintiff was able to reset the password an arbitration agreement for legal disputes came up on the page. Plaintiff again reached out to Assistant Manager Vernetta Rice and advised no agreements would be served

18. A landlord of any dwelling unit governed by this part shall not cause, directly or indirectly, the termination or interruption of any utility service furnished the tenant, including, but not limited to, water, heat, light, electricity, gas, elevator, garbage collection, or refrigeration, whether or not the utility service is under the control of, or payment is made by, the landlord.

19. That, a landlord of any dwelling unit governed by this part shall not prevent the tenant from gaining reasonable access to the dwelling unit by any means.

## COUNT THREE
*(Breach of Implied Warranty of Habitability)*

*Pursuant to § 83.51-60 of the Florida Statute*

20. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

21. The law requires landlords to meet and maintain certain housing standards when renting out property under § 83.51-60 of the Florida Statute

22. By demanding Plaintiff accept an apartment different from what was promised, and which was dirty, roach infested, damaged and unsuitable for living. After Plaintiff had given up her previous residence. Plaintiff had to find alternate living arrangements at her expense while waiting for the apartment to be cleaned. One (1) week later apartment was not cleaned and Plaintiff not having any place to live cleaned it and moved in.

## COUNT FOUR
*(False Advertising Pursuant to § 817.41 of the Florida Statute)*

23. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

24. That under *§ 817.41 of the Florida Statute* shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public of the state, or any portion thereof, any misleading advertisement. Such making or dissemination of misleading advertising shall constitute and is hereby declared to be fraudulent and unlawful, designed and intended for obtaining money

or property under false pretenses. Defendants advertised in December 2019 and January 2020 one (1) and three (3) bedrooms $250.00 off and two (2) bedrooms $500.00 off first month's rent. Plaintiff rented a two bedroom and presented advertisement reflective of the promotion of $500.00 off first month, credit for the first week Plaintiff could not move in, credit for Plaintiff purchasing cleaning supplies and cleaning the apartment unit to be able to move in.

25. Hereby, offering for rent apartments under false presences and based on willful misrepresentations because Defendant was perfectly aware that the apartment complex was not fully gated, none of the security systems in the apartment complex were in working order or did not exist, and that there was not nightly security patrol as Defendants stated when Plaintiff inquired about renting a unit on the property and Plaintiff cited safety and security was top priority based on previous experiences.

## COUNT FIVE
*(Invasion of Privacy and Unlawful Intrusion Pursuant)*
*§ 784.048 of the Florida Statute*

26. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

27. Pursuant to the repeated illegal entries into Plaintiff's apartment without prior notice and by unauthorized personnel, as well as by the theft of private files and unauthorized access to Plaintiff's computer. An unknown man was observed in Plaintiff's apartment while Plaintiff was at work on more than one occasion

this occurred and each incident was reported to management. On or about June 2021 a maintenance man put a key in Plaintiff's front door and unlocked it. Plaintiff was at home but her car was not on the premise, giving the appearance that she was not home. Plaintiff ran to the door and shut it closed. Plaintiff immediately called the front office and reported the incident. Plaintiff was told it was an honest mistake.

## COUNT SIX
*(Conversion Pursuant to § 772.11 of the Florida Statute)*

28. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

29. Following the events, based upon the taking of Plaintiff's personal property from her apartment by Defendant's employees.

30. Here, the law entitles the Plaintiff to an award of treble damages plus reasonable filing fees and court costs. Felonious intent to commit the conversion of the property, asset, or money is required to claim civil theft.

## COUNT SEVEN
*(False Advertising Pursuant to Florida's Deceptive)*

*& Unfair Trade Practices Act*

31. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

32. That by mere offering for rent apartments under false presences and advertising first month's rent promotion. The defendants advertise renting a

two-bedroom apartment was $500.00 of first month's rent.

33. Plaintiff signed up and defendant acknowledge promotion on day of lease signing. Plaintiff pulled up promotion on Defendants website. Defendant did not honor the $500.00 off the first month and used that as the basis for the first eviction.

34. Such was willful misrepresentations because Defendant was perfectly aware of the rental promotion and denied it after Plaintiff moved in.

**COUNT EIGHT**
*(Negligent Infliction of Emotional Distress)*
*Pursuant to* 1 Fla. St. U. L. Rev. 339

35. To state a cause of action for intentional infliction of emotional distress, Plaintiff's complaint herein alleges all four elements: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe. Defendant visited the management office a minimum of six (6) separate occasions and called numerous times to get the correct amount to pay for February 2020 rent. Defendant was left sitting in the management's lobby for 1.5 hours on one occasion waiting for Jasmin Cepeda Property Manager attempting to get the corrected amount to pay February's rent on or about February 10, 2020.

36. That the failure to perform its duty to protect Plaintiff as a resident of The Preserve and being a contributing factor in Plaintiff's violent sexual assault as well as in the police's failure to apprehend/charge the suspect. Plaintiff's

original apartment was at the front of the community and not at the back where the Defendants placed her the day of move in.

## COUNT NINE
*(Negligent Security Pursuant to § 812.173 of the Florida Statute)*

37. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

38. Defendant is negligent for failure to meet the standards of providing security. Defendant should be able to anticipate and take steps to prevent criminal activity on their property (foreseeability).

39. Defendant by offering for rent apartments under false presences and based on willful misrepresentations because Defendant was perfectly aware that none of the security systems in the apartment complex were in working order, also advertised on day of lease signing.

40. Defendant breached the negligent security by failure to uphold its duty to provide security, adequate security measures were not in place the electric gates were not in working condition. Defendant misrepresented its security. The electric gate at the rear of the apartment complex was inoperable for months and poor lighting around the back of the community where Plaintiff lived was constant including on the night of July 27th, 2021. Defendants chained the rear gate closed after Plaintiff's violent sexual assault, rape and sodomy which was broken and open the night of July 27th, 2021, the night of the violent sexual assault at the Preserve at

Lakeland Hills. Defendants removed all signage from around the apartment complex that advertised 24-hour surveillance and security after Plaintiff instructed Lakeland Police Officers to get the footage of the night of July 27th, 2021 entry from the Preserve Managers. This removal of the posted signs was done on August 5th, 2021.

41. Plaintiff as a result have grounds for a civil liability case after being physically, emotionally, or psychologically injured as a result of a criminal action that could have been prevented if proper security measures were placed.

42. On July 27, 2021 Plaintiff was violently assaulted, raped and sodomized at the Defendants establishment, The Preserve at Lakeland Hills. Lakeland Police Department informed the Defendants about the incident. Defendants did not reach out to Plaintiff, nor did the Defendants take any additional security measures. Subsequent to the brutal attack on Plaintiff, Plaintiff was stalked, harassed, followed and Plaintiff reported it to the management at the Preserve at Lakeland Hills. The Defendants did not reach out to Plaintiff on additional security measures. Defendants' male maintenance men and vendors continued unauthorized access into Plaintiff's apartment without authorization and triggering the alarm.

## COUNT TEN
*(Breach of Implied Quiet Enjoyment Pursuant to Florida's)*
*Residential Landlord-Tenant Act*

43. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

44. Defendants as a landlord, manager and stakeholder has breached its responsibility and duty to deliver quiet enjoyment which caused significant and intensive damages to Plaintiff.

## COUNT ELEVEN
*(Obstruction of Justice Pursuant to § 843.06 of the Florida Statute)*

45. Plaintiff repeats and re-alleges all the above-mentioned factual allegations of this Complaint and incorporates them by reference herein.

46. Defendant here in willfully, consciously, intentionally and negligently caused an "obstruction of justice" in an on-going criminal investigation.

47. Whereby the acts of Defendant herein referred to are; the acts of negligence and attempt to obstruct in order to delay the turnover of necessary records pertaining to a violent sexual assault involving and within Defendant's property.

48. Defendant in addition to such offense there and then removed with immediacy the posted signage that was advertising a twenty-four (24) hour surveillance and security confirms negligent security, false advertisement and breach of duty and care.

49. The Defendants are liable, and Plaintiff seeks and is entitled to recover damages for all counts and all other elements of damages in the amount of sustained for:

   a. Personal Injuries;

   b. Past, Present and future pain and suffering;

   c. Mental anguish;

   d. Psychological and emotional counselling services;

   e. Psychological and emotional damages;

   f. Loss of capacity for the enjoyment of life;

   g. Economic losses;

   h. Incidental expenses;

   i. Past, present and future medical expenses;

   j. Lost earnings;

   k. Consequential damages to be proven at trial

   l. Loss of earning capacity

   m. Pain and suffering

## PRAYER

**WHEREFORE,** Plaintiff prays that the Court:

1.  Enters an order requiring Defendants to pay each of the above-mentioned

2.  Grants Plaintiff any other relief as this Honorable Court may deem just and proper;

3.  Trial by Jury against the Defendants;

4.  Plaintiff's moving expenses out of Polk County

**DATED.** November 8, 2022.

**Respectfully Submitted By:**



/s/ Jane Doe
Jane Doe

Plaintiff, *In Pro Per*

## CERTIFICATION OF CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Dated:** November 8, 2022.

BY: 
/s/ Jane Doe
Jane Joe

*Plaintiff, In Pro Per*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe AKA [REDACTED]

**DEFENDANTS**
Breit MF Preserve at Lakeland, LLC
BH Management Services, LLC

**(b)** County of Residence of First Listed Plaintiff: **Highlands**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Cook**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
[REDACTED]

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. 1332
Brief description of cause:
Defendants retaliated with a fraudulent, wrongful eviction due to my complaints, harassed, burglarize, subjected me to assault, rape, sodomy

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 14,000,000.
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____