UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE,

    Plaintiff,

v.                                        Case No: 8:22-cv-2542-CEH-JSS

BREIT MF PRESERVE AT
LAKELAND, LLC; and BH
MANAGEMENT SERVICES, LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon review of the file. Plaintiff, who is proceeding *pro se*, filed a sealed motion requesting to seal the entire lawsuit and for leave to proceed anonymously in this action. Because the motion fails to comply with the local rules, it is due to be denied. Additionally, the requested relief to proceed anonymously is premature, as Defendants have not yet been served in this action. Plaintiff shall serve the summons and Complaint on Defendants and, once Defendants have appeared, Plaintiff should re-file her request to proceed anonymously after proper conferral pursuant to Local Rule 3.01(g).

## DISCUSSION

Under Middle District of Florida Local Rule 1.11(a), "sealing is unavailable absent a compelling justification." Plaintiff here seeks to seal the entire case but has failed to comply with the Local Rules or to establish a compelling justification to seal

the entire case. Under Rule 1.11, in the absence of a statute, rule, or order that authorizes a filing under seal, a motion for leave to file under seal:

> (1) must include in the title "Motion for Leave to File Under Seal";
> (2) must describe the item proposed for sealing;
> (3) must state the reason:
>     (A) filing the item is necessary,
>     (B) sealing the item is necessary, and
>     (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;
> (4) must propose a duration of the seal;
> (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;
> (6) must include a legal memorandum supporting the seal; but
> (7) must not include the item proposed for sealing.

Local Rule 1.11(c) (M.D. Fla.).

While pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.*, 846 F. Supp. 60, 61 (M.D. Fla. 1994). To the extent Plaintiff intends to represent herself in this matter, she should familiarize herself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules. To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a *pro se*

litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Plaintiff is strongly advised — before further prosecuting this action — to obtain legal advice and assistance from a member of The Florida Bar. Accordingly, it is

**ORDERED**:

1. Plaintiff's motion to seal (Doc. 2) is **DENIED** without prejudice.

2. The Clerk is directed to **REDACT** Plaintiff's name, address, telephone number, and email address from the following: Doc. 1 at 16, 17; Doc. 2 at 1; Doc. 3 at 1; Doc. 4 at 1. Thereafter, the Clerk is directed to **UNSEAL** this case.

3. Plaintiff shall serve the summons and Complaint on Defendants and, once Defendants have appeared in this matter, Plaintiff should re-file her request to proceed anonymously after proper conferral pursuant to M.D. Fla. Local Rule 3.01(g).

**DONE AND ORDERED** in Tampa, Florida on November 17, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties