# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANE DOE,

    Plaintiff,

v.                                              Case No: 8:22-cv-2542-CEH-JSS

BREIT MF PRESERVE AT
LAKELAND, LLC and BH
MANAGEMENT SERVICES, LLC,

    Defendants.
_____

## ORDER TO SHOW CAUSE

This matter is before the Court upon review of the file. In her Complaint, Plaintiff alleges only state law causes of action and appears to be invoking the Court's subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Because the citizenship of the parties is not adequately alleged, the Court cannot determine whether jurisdiction exists in this case and therefore issues this order to show cause.

## DISCUSSION

On November 8, 2022, Plaintiff, proceeding *pro se*, initiated this action by filing an eleven-count Complaint against Defendants, Breit MF Preserve at Lakeland, LLC and BH Management Services, LLC. Doc. 1. Defendants are alleged to be the owner and management company for the apartment complex The Preserve at Lakeland Hills ("The Preserve"), where Plaintiff leased an apartment. *Id.* ¶ 6. While a resident at The

Preserve, Plaintiff alleges she was sexually assaulted on July 27, 2021. *Id.* ¶¶ 7, 8. Although The Preserve was advertised as a secure, gated community with 24-hour surveillance cameras, Plaintiff learned after the attack that there were no surveillance cameras or security patrol. *Id.* ¶ 8. Plaintiff alleges that her apartment was accessed and burglarized on November 19, 2021, in which information related to the assault and her wrongful eviction were stolen. *Id.* ¶ 12. She sues Defendants for breach of contract, unlawful eviction, breach of implied warranty of habitability, false advertising, invasion of privacy, conversion, violation of Florida's Deceptive and Unfair Trade Practices Act, negligent infliction of emotional distress, negligent security, breach of implied quiet enjoyment, and obstruction of justice. Doc. 1. The actions are brought under Florida law.

### A. Subject Matter Jurisdiction

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only

those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen," *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Defendants here are limited liability companies.

A complaint's allegations, when federal jurisdiction is based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick*, 293 F.3d at 1257.

Plaintiff's allegations in the Complaint do not sufficiently allege diversity of citizenship. Plaintiff is alleged to be a resident of Sebring Highlands County, Florida.

Doc. 1 ¶ 1. Plaintiff alleges only her residency, not her citizenship. The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual is a citizen of the state in which he or she is domiciled. *Plevin v. U.S. Bank Nat'l Ass'n for Fla. Mortg. Resolution Trust, Series 2014-4*, No. 6:15-cv-412-CEM-KRS, 2015 WL 12859413, at *1 (M.D. Fla. May 13, 2015) (Spaulding, Mag.) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotations and alterations omitted). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011).

Defendants, Breit MF Preserve at Lakeland, LLC and BH Management Services, LLC, are limited liability companies that are alleged to have a "principal business address in Chicago, Cook County in the State of Illinois, and Des Moines, Polk County in the State of Iowa respectively." Doc. 1 ¶ 2. Plaintiff does not allege, however, who are the members of the LLCs and the citizenship of those members. Because Plaintiff did not identify her citizenship, nor the members of the LLCs and the members' citizenship, the Court cannot determine whether citizenship is adequately alleged for jurisdictional purposes. Such allegations are insufficient. *See Moss & Assocs., LLC v. E Light Elec. Servs, Inc.*, No. 1:16-cv-702-WSD, 2016 WL

4

3355892, at *2 (N.D. Ga. June 16, 2016) (stating that the allegations as to a limited liability company's citizenship were insufficient where the plaintiff did not identify the members of the companies and instead alleged only that the members were citizens of Florida). Plaintiff must allege her citizenship and the names of all members of the limited liability companies and their respective citizenships.[1]

### B.   Shotgun Pleading

Even if the Court's subject-matter jurisdiction is properly invoked, Plaintiff's Complaint would be subject to dismissal as a shotgun pleading. "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. The second type of shotgun pleading is one that is "replete with conclusory,

---

[1] Local Rule 3.03 requires each party to file a disclosure statement with their first appearance. Additionally, Fed. R. Civ. P. 7.1 provides, "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must . . . file a disclosure statement. The statement must name--*and identify the citizenship of*--every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1 (emphasis added). Defendants are obligated to file Disclosure Statements pursuant to Fed. R. Civ. P. 7.1 and M.D. Fla. Local Rule 3.03. *See* Doc. 17.

vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. Finally, the fourth type of shotgun pleading is one that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a classic shotgun pleading. Each of Plaintiff's claims incorporates the preceding paragraphs, including prior counts, resulting in the

final count constituting a culmination of all eleven claims. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. The proposed Amended Complaint (Doc. 10-2) that Plaintiff attaches to her Motion for Leave to Amend suffers from the same infirmity. Additionally, the Complaint and Amended Complaint assert multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission.

Because Plaintiff's Complaint is a shotgun pleading, it would be subject to dismissal. Since Plaintiff must correct the jurisdictional deficiencies in her Complaint, Plaintiff should also cure any shotgun pleading pitfalls and ensure her amended complaint complies with applicable pleading requirements, including Federal Rules of Civil Procedure 8 and 10.

Plaintiff is cautioned that litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a pro se party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Plaintiff is strongly advised to obtain legal advice and assistance from a member of The Florida Bar.[2] To the extent Plaintiff intends to represent herself

---

[2] To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant

in this matter, she should familiarize herself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, which can be viewed on the Court's website at https://www.flmd.uscourts.gov/local-rules.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff is directed to **SHOW CAUSE** as to why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiff shall file a written response with the Court within **TWENTY-ONE (21) DAYS** from the date of this Order. Additionally, Plaintiff shall file an amended complaint within **TWENTY-ONE (21) DAYS** from the date of this Order which cures the jurisdictional deficiencies noted herein. Failure to respond within the time provided will result in the dismissal, without prejudice, of this action without further notice.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Pro se Plaintiff

---

handbook prepared by the Federal Bar Association is available to download at the following hyperlink: www.fedbar.org/prosehandbook.