UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

    Plaintiff,

v.       Case No: 8:22-cv-2542-CEH-JSS

BREIT MF PRESERVE AT LAKELAND, LLC and BH MANAGEMENT SERVICES, LLC,

    Defendants.

## ORDER

This matter is before the Court upon review of the file. Plaintiff initiated this lawsuit against Defendants in November 2022 seeking to invoke the Court's diversity jurisdiction. Doc. 1. Because the citizenship of the parties was not adequately alleged in Plaintiff's Complaint, the Court directed Plaintiff to show cause why the action should not be dismissed for lack of subject-matter jurisdiction. Doc. 20. Additionally, the Court directed Plaintiff to file an Amended Complaint to cure the jurisdictional deficiencies. *Id.* at 8. On January 11, 2023, Plaintiff filed an Amended Complaint. Doc. 30. On February 1, 2023, Defendants filed a motion to dismiss stating that some members of the Defendant LLC are Florida citizens, and therefore, the parties are not diverse. Doc. 45. Additionally, Defendants have now filed amended corporate disclosure statements further documenting the lack of diversity. Docs. 61, 62. Because the citizenship of Plaintiff and Defendants is not diverse, and Plaintiff fails to otherwise

allege in her Amended Complaint a basis for the Court's jurisdiction, this action is due to be dismissed without prejudice to Plaintiff pursuing her claims in state court.

## DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship.").

A complaint's allegations, when federal jurisdiction is based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Although Plaintiff filed an Amended

Complaint purporting to allege the citizenship of the parties, her Amended Complaint identifies names of various officers and directors and the business addresses of the LLCs that she obtained from the Defendants' websites. *See* Doc. 30. For purposes of diversity jurisdiction, a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen," *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Plaintiff does not identify the LLCs' members or the members' citizenship.

Information regarding the members of limited liability companies is not always readily available to plaintiffs seeking to sue an LLC. The Federal Rules address this problem. In pertinent part, Rule 7.1, Fed. R. Civ. P., requires all parties in an action before the Court based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement that names and identifies the citizenship of every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2). Defendants filed their corporate disclosure statements initially on January 10, 2023. Docs. 27, 28. Because the Corporate Disclosure Statements failed to fully identify the LLCs' members and their citizenship, however, the Court ordered the Defendants to file amended disclosure statements. Doc. 32. On February 23, 2023, Defendants filed amended disclosure statements pursuant to Fed. R. Civ. P. 7.1 and Local Rule 3.03.

Based on the Court's review of the amended disclosure statements filed by Defendants, diversity of citizenship among the parties is lacking. According to the amended disclosures, several members of Defendant LLCs and their LLC members are citizens of Florida. Because Plaintiff is also a citizen of Florida, complete diversity

of citizenship is lacking. Therefore, the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1332(a). Because the Amended Complaint consists only of state law causes of action, federal question jurisdiction does not exist either.

Defendants filed a motion to dismiss arguing that the Court lacks subject-matter jurisdiction. Doc. 45. Plaintiff responded in opposition, arguing that the Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367. Doc. 63. But review of Plaintiff's initial and amended complaints reveals she only asserts state law claims. For the Court to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court must first have original jurisdiction. No original jurisdiction exists because Plaintiff does not allege any federal claims. Although Plaintiff contends her injuries were "sustained out of a myriad of constitutional rights violations," Plaintiff fails to allege any facts or claims against these Defendants as to a violation of constitutional rights.

Plaintiff also argues that 18 U.S.C. § 1519 gives rise to federal court jurisdiction. First, a violation of that statute is not alleged in Plaintiff's Amended Complaint. Second, even if it was, it would not give rise to the Court's subject-matter jurisdiction because the statute does not provide for a civil cause of action. *See* 18 U.S.C. § 1519 (violators of this statute are subject to fines or imprisonment, or both). Lastly, Plaintiff argues that Defendants filed documents with the Florida Division of Corporations on February 1, 2023, in an effort to "cure or bring diversity of jurisdiction into question." Doc. 63 at 3. Annual reports are required to be filed with the State by any active corporation or LLC, and nothing about those filings changes the fact that the Court

4

lacks subject-matter jurisdiction over this action. Thus, the action is due to be dismissed without prejudice. Plaintiff makes passing reference to the case being remanded to state court. Doc. 63 at 2. That is not an option because it was first filed in federal court. As this action is being dismissed for lack of subject-matter jurisdiction, and not on the merits, however, there is nothing preventing Plaintiff from pursuing this action against Defendants in state court. Accordingly, it is hereby

**ORDERED:**

1. This action is **DISMISSED, without prejudice**, for lack of subject-matter jurisdiction.

2. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on February 28, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties