UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARMAINE SAUNDERS,

 Plaintiff,

v.              Case No: 8:22-cv-2542-CEH-JSS

BREIT MF PRESERVE AT
LAKELAND, LLC and BH
MANAGEMENT SERVICES, LLC,

 Defendants.

_____

## ORDER

This matter is before the Court on the Plaintiff's Motion to Seal Documents. Doc. 65. In her motion, Plaintiff seeks an order sealing the entire case on the basis that the documents in the case contain highly sensitive and personal information. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's motion to seal.

## DISCUSSION

Plaintiff, proceeding *pro se*, initiated this action by filing a Complaint against Defendants Breit MF Preserve at Lakeland, LLC and BH Management Services, LLC, for various common law and statutory claims under Florida law, including breach of contract, unlawful eviction, breach of implied warranty of habitability, false advertising, invasion of privacy, conversion, violation of Florida's Deceptive and Unfair Trade Practices Act, negligent infliction of emotional distress, negligent

security, breach of implied quiet enjoyment, and obstruction of justice. Doc. 1. Defendants were the owner and property manager of the apartment complex where Plaintiff lived and was the victim of a sexual assault. *Id.* ¶¶ 6, 7. In February 2023, the Court dismissed the action without prejudice for lack of subject matter jurisdiction. Doc. 64.

In the motion before the Court, Plaintiff requests the Court seal all the documents in her case because the case "contains highly sensitive information related to personal and intrusive matters." Doc. 65 at 2. Plaintiff alleges the information relates directly to Plaintiff's personal safety, including "constant attempts of computer, electronic intrusion, stalking." *Id.* Plaintiff asserts that if the documents contained in the case are continued to be made public, they will cause further reputational harm to Plaintiff and an increased risk of becoming a target of malicious efforts. The motion requests docket entries 1 through 64, which comprise the entire case, be sealed. *Id.* at 3.

  A motion to seal pursuant to Local Rule 1.11(b):

    (1) must include in the title . . . Motion to Seal";
    (2) must describe the item;
    (3) must establish:
     (A) that filing the item is necessary,
     (B) that sealing the item is necessary, and
     (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
    (4) must include a legal memorandum;
    (5) must propose a duration for the seal;
    (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

> (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party;
> (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b), M.D. Fla. (Apr. 1, 2024). The party seeking the seal must ensure that it sufficiently addresses these requirements as to all the items designated for sealing.

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations).

Procedurally, Plaintiff's motion does not comply with the Local Rules in that it does not establish that redaction or other means other than sealing of the entire case would be unavailable, nor does it propose a duration for the seal. Substantively, the motion fails to identify any valid legal basis to support sealing the entire case and fails to show good cause. This Court previously denied Plaintiff's request to seal (Doc. 5), and her renewed motion, filed nearly two years after the case has been closed, offers

no new basis for the Court to revisit its prior ruling. The motion identifies no specific information contained in the documents that poses a threat to Plaintiff's personal safety. In short, Plaintiff does not provide support for her broad request for sealing all documents filed in this case.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Seal Documents (Doc. 65) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida on January 31, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Charmaine Saunders, *pro se*
Counsel of Record